## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| **WILLIAM BRADFORD, Individually and On Behalf of All Others Similarly Situated,** | § § § § | **Civil Action No.:** |
| | | **Complaint—Class and Collective Action** |
| **Plaintiff,** | § § | **Jury Trial Demanded** |
| **V.** | § § | |
| **POLY-COR ENTERPRISES, INC.,** | § § § | |

### PLAINTIFFS' ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff William Bradford ("Bradford"), by and through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Defendant Poly-Cor Enterprises, Inc. ("Defendant" or "Poly-Cor"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Pennsylvania law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.     Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claim occurred within this judicial district and Defendant does business in this district.

1

## PARTIES

4.      Plaintiff William Bradford is an individual currently residing in Washington County, Pennsylvania.  He worked for Defendant from 2012 to 2017.  He worked for Defendant in Butler and Washington, Pennsylvania.  Pursuant to 29 U.S.C. § 216(b), Plaintiff Bradford has consented in writing to join this action and his written consent is attached hereto as Exhibit 1.

5.      Defendant Poly-Cor Enterprises, Inc. is an oilfield service company incorporated under the laws of Pennsylvania and headquartered in Washington County, Pennsylvania. Defendant may be served process at 4150 Washington Road, Suite 101, McMurray, Pennsylvania 15317.  Defendant operates throughout the Commonwealth of Pennsylvania and the United States

6.      Defendant Poly-Cor employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.      Defendant Poly-Cor annual gross volume of business exceeds $500,000.

## CLASS DEFINITIONS

8.      Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

> All individuals who are current or former employees of Poly-Cor Enterprises who performed work for Poly-Cor Enterprises in the United States at any time in the last three years and who were paid pursuant to a day rate compensation system, including but not limited to inspectors and those in similarly titled positions or performing similar work (the "FLSA Class").

9.      Plaintiff also brings this lawsuit for as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> All individuals who are current or former employees of Poly-Cor Enterprises who performed work for Poly-Cor Enterprises in Pennsylvania at any time in the last three years, and who were paid pursuant to a day rate compensation system, including but not limited to inspectors and those in similarly titled positions or performing similar work (the "Pennsylvania Class").

10.     Plaintiff reserves the right to re-define the Class(es) prior to notice or class certification, and thereafter, as necessary.

## FACTS

11.     From 2012 to 2017, Plaintiff Bradford worked for Defendant Poly-Cor as an inspector on multiple projects in Pennsylvania.  As an inspector, Plaintiff's primary duties are to assure that there are no leaks or other safety issues during the construction and maintenance of a pipeline project.  Inspectors also measure the depth and alignment of a pipeline trench.

12.     Defendant paid Plaintiff a day rate.

13.     When Plaintiff worked for Defendant, his job title was inspector.

14.     Defendant did not pay Plaintiff a salary.

15.     Plaintiff worked for Defendant in Pennsylvania.

16.     In the three years prior to the filing of this lawsuit, Defendant employed at least 50 other employees with the same job title as Plaintiff who worked in the state of Pennsylvania.

17.     Defendant's clients include Chesapeake Energy, Champman Corporation, Dominion, Marathon, Mark West Energy Partners, LP, Power Piping, Range Resources, Rex Energy, Spectra Energy Development, Inc., XTO Energy, Mountaineer Keystone, and MEC Construction.

18.     Inspectors and similarly titled employees or employees performing similar work are engaged largely in manual labor.

19.     Defendant has a policy or practice of failing to compensate Plaintiff and similarly situated employees for all overtime hours worked.

20.     Plaintiff and Class Members are paid a daily rate regardless of the amount of hours worked.  The day rate does not take into account the number of hours worked by these non-exempt employees in a given week.

21.     Plaintiff and the Class Members are non-exempt employees and, therefore, should have been and should be paid overtime for each hour worked over forty per week.

22.     No exemption in the FLSA shelters Defendant from paying overtime to its inspectors.

23.     Inspectors like Plaintiff are not guaranteed a set number of days to work per week.

24.     Inspectors like Plaintiff are not guaranteed a set weekly payment.

25.     Inspectors are paid on a day rate basis, not on a salary basis.

26.     Plaintiff was paid on a day rate basis, not on a salary basis.

27.     Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

28.     Defendant did not calculate Plaintiff's regular rate of pay and multiply it by 1.5 in order to calculate and pay overtime.

29.     Plaintiff worked overtime as defined in the FLSA.

30.     Other inspectors employed by Defendant worked overtime as defined in the FLSA.

31.     Because Inspectors are on a day rate, the executive, administrative, or professional exemptions cannot apply.  *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

32.     Inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

33.     Inspectors have no authority to hire or fire other employees.

34.     Inspectors are field employees, not office employees.  They perform work related to Defendant's core business, not the management of the company's operations.

35.     Inspectors also perform extensive physical labor to perform their inspection work.

36.     The primary duty of an inspector does not require independent judgment or discretion.  Instead, inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

37.     The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption.  Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources.  Such inspectors rely on techniques and skills acquired by special training or experience.  They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

38.     Inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

39.     Despite these facts, Defendant misclassified its inspectors as exempt from overtime pay.

40.     As a result of Defendant's pay policies, Plaintiff and other inspectors were denied overtime pay.

41.     Plaintiff and the Class often work in excess of forty hours per week.

42.     In particular, Plaintiff estimates that he worked in excess of twelve hours per day, five to seven days per week, on average during the weeks he worked for Defendant.

43.     Defendant did not pay Plaintiff and the Class overtime compensation for hours worked over forty per workweek.

44.     Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiff and the Class for hours worked in excess of forty during the workweek.

45.     Defendant has been sued for misclassifying its inspector workforce as exempt employees in this past.

46.     Defendant has failed to change its pay practices despite being on notice of its FLSA violations.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as described above.

48.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

49.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

50.     Specifically, Defendant paid Plaintiff and the FLSA Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime compensation as required by law.

51.     In the three years prior to the filing of this lawsuit, Defendant employed at least 50 other employees with the same job title as Plaintiff.

52.     In the three years prior to the filing of this lawsuit, Defendant employed at least 50 other employees with the same job title as Plaintiff who were paid a day rate.

53.     Small variations in job titles do not change the fundamental fact that these employees were performing inspection work and paid on a day rate.

54.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many similar day rate paid employees throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of himself and the Pennsylvania Class, as defined above.

56.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Based on information and belief, the number of Pennsylvania Class members exceeds fifty individuals.

57.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class.

Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

58.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate Pennsylvania law through its policy or practice of not paying its non-exempt day rate employees overtime compensation; whether Defendant's conduct was willful; and the nature and extent of relief.

59.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

60.     Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

61.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

62.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

63.     Without a class action, Defendant will likely retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA

64.     All previous paragraphs are incorporated as though fully set forth herein.

65.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

66.     The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty in the workweek. *See* 29 C.F.R. § 778.112.

67.     Defendant's compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

68.     Defendant knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

69.     During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

70.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. See 43 PA. CON. STAT. § 333.104(c) and 34 PA. CODE § 231.41.

73.     The PMWA provides that, if an employee is paid a flat sum for a day's work, and if he receives no other form of compensation for services, the employee is entitled to extra halftime pay at his regular rate for all hours worked in excess of forty in the workweek. See 34 PA. CODE § 231.43(b).

74.     Defendant's compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 PA. CON. STAT. § 333.104(c) or 34 PA. CODE § 231.43(b).

75.     Defendant knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 43 PA. CON. STAT. § 333.104(c) and 34 PA. CODE § 231.41.

76.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

77.     In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.     An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

D.     Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.     Liquidated damages to the fullest extent permitted under the law;

F.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Date:  November 14, 2019

Respectfully Submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris
Sosa-Morris Neuman, PLLC
5612 Chaucer Drive
Houston, Texas77005
Texas Bar Number 24076154 (will apply for admission *pro hac vice*)
Phone: 281-885-8844
Facsimile: 281-885-8813
bsosamorris@smnlawfirm.com

John Neuman
Sosa-Morris Neuman, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Texas Bar Number 24083560 (will apply for admission *pro hac vice*)
Phone: 281-885-8630
Facsimile: 281-885-8813
jneuman@smnlawfirm.com